USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JOCELYN ESTRELLA, on behalf of the infant D.R.,

      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY

      Defendant.
--------------------------------------------------------------X

12-cv-6134 (NSR) (JCM)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge

 Jocelyn Estrella ("Plaintiff"), proceeding *pro se*, brings this action on behalf of her daughter ("D.R.") pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("the Commissioner"), which found that D.R. was not disabled, and denied her application for disability benefits. Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This case was referred to Magistrate Judge Judith C. McCarthy, and on August 2, 2016, Judge McCarthy issued a Report and Recommendation (the "R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that the Commissioner's motion be denied. For the following reasons, this Court adopts Judge McCarthy's R&R and denies the Commissioner's motion for judgment on the pleadings.

## BACKGROUND[1]

 On November 7, 2008, Plaintiff applied for supplemental security income on D.R.'s behalf, who was nine years old at the time, on the basis that she had developed a learning disability

---

[1] Facts are taken from the R & R, unless otherwise noted. The Court assumes familiarity with the underlying facts concerning D.R.'s disability, as set forth in the R & R.

beginning October 1, 2008.  On January 13, 2009, her application was denied.  Plaintiff appealed the denial, and appeared before an Administrative Law Judge ("ALJ") on July 27, 2010.  On January 3, 2011, the ALJ denied Plaintiff's claim and concluded that D.R. was not disabled.  On July 9, 2012, the Appeals Council denied Plaintiff's request for review, indicating that the ALJ's decision was the Commissioner's final decision in Plaintiff's case.

On August 7, 2012, Plaintiff filed the instant action, seeking review of the ALJ's decision.  On February 14, 2014, the Commissioner made the instant motion for judgment on the pleadings.  Plaintiff did not file opposition papers.  The Court held a status conference on November 19, 2015, at which Plaintiff represented that she had not received a copy of the Commissioner's motion.  The Court ordered the Commissioner to serve Plaintiff with another copy of the motion, and set a briefing schedule.  On November 30, 2015, Plaintiff submitted medical and educational records for D.R. from 2011 to 2015.  Plaintiff did not a file cross motion or any opposition briefing.  The Commissioner filed a reply on January 12, 2016, addressing the new evidence submitted.  On August 2, 2016, Judge McCarthy issued the R & R, recommending that this Court deny the pending motion for judgment on the pleadings, and remand the case for further administrative proceedings.  On August 18, 2016, the Commissioner filed written objections to the R & R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id.*; *accord* 28 U.S.C. § 636(b)(1).  When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

2

by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12-CIV-08270, 2016 WL 67789 at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

When a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## MAGISTRATE'S FINDINGS

a.  **New Evidence Provided by Plaintiff**

In apparent response to the Commissioner's motion, Plaintiff submitted new evidence of D.R.'s treatment and educational records from 2011 to 2015, which reflect that D.R. suffered from depressive and anxiety disorders, and had been prescribed anti-depressants other than Abilify. Judge McCarthy found this data to be consistent with Plaintiff's assertions regarding her daughter's condition, and suggestive that D.R. may have suffered from similar conditions during the time period[2] for which her benefits were denied. However, because the new records did not provide substantial evidence of D.R.'s disability during the relevant time period, Judge

---

[2] The R & R identifies this time period as the date of Plaintiff's initial application, November 7, 2008, through the date of the ALJ's decision, January 3, 2011.

McCarthy found it unlikely that this information would alter the ALJ's ultimate decision, deeming remand to review the new records inappropriate. (*See* Report at 18 (citing *Hutchinson v. Colvin*, No. 6:14-CIV-787, 2016 WL 843376, at *5 (N.D.N.Y. Mar. 1, 2016) (where new evidence could inform the ALJ's assessment of functional capacity, but the ultimate disability determination would remain unchanged, remand is not appropriate).)

### b. The ALJ's Duty to Develop the Record

As Judge McCarthy indicates, due to the nonadversarial nature of the administrative proceeding, an ALJ has an affirmative obligation to "develop the record." *Drake v. Astrue*, 443 F. App'x 653, 656 (2d Cir. 2011). As part of this obligation, pursuant to 20 C.F.R. § 416.912(d), the ALJ must make "every reasonable effort" to obtain medical records from a claimant's physician. The purpose of this is to provide a fair and complete hearing, *Estrada v. Comm'r of Soc. Sec.*, No. 13-CV-04278 CM SN, 2014 WL 3819080, at *3 (S.D.N.Y. June 25, 2014), in order ensure a just result.

Judge McCarthy found that the ALJ failed to fulfill his duty by neglecting to resolve gaps in the record regarding D.R.'s mental health treatment. Specifically, Judge McCarthy found that the ALJ had not obtained or considered any records from D.R.'s psychiatrist, Dr. Makarov, who had been treating D.R. since 2009.[3] According to the R & R, the record reflects a single attempt to obtain medical records in December 2008, approximately two years prior to the hearing, and one year prior to the time when Dr. Makarov first prescribed D.R. with an anti-depressant. Nor does the record reflect any attempts to subpoena Dr. Makarov's medical records. Without this

---

[3] As the R & R explains, Plaintiff submitted a Social Security Administration form explaining that Dr. Makarov had prescribed Abilify to D.R. in September 2009, and had been treating D.R. for "emotional problems" that had begun during the same year. According to Plaintiff, D.R. initially displayed symptoms when she began to put her toys in the refrigerator, placed a knife under her pillow, and spoke about wanting to kill herself. (*See* Magistrate Judge McCarthy's Report and Recommendation 14, ECF No. 28, [hereinafter "Report"].)

medical data, the ALJ concluded that there was no medical evidence of an affective disorder or of self-harm ideations.  Because the ALJ failed to develop the record regarding D.R.'s mental health, Judge McCarthy found that remand for further development of evidence from Dr. Makarov for the relevant time period was appropriate.  (*See* Report at 19 (citing *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.") (internal quotation marks and citations omitted)).

## DISCUSSION OF OBJECTIONS

The Commissioner objects to the R & R on the basis that the ALJ properly developed the administrative record by attempting to attain medical records from Montefiore Medical Group, where Dr. Makarov was affiliated, but that none were found.  As support, the Commissioner argues that Plaintiff carried the burden of furnishing medical records of D.R.'s disability.[4]

The Commissioner is correct that claimant carries the burden of providing "all evidence known to [her] that relates to whether or not [she is]…disabled."  20 C.F.R. § 416.912(c).  However, before making a determination as to a claimant's disability, the ALJ is required to "develop [claimant's] complete medical history[5] for at least the 12 months preceding the month in which [she] file[d] [her] application."  20 C.F.R. § 416.912(d).  The ALJ must also "make

---

[4] Indeed, the Commissioner cites one sentence in 20 C.F.R. § 416.945(a)(3), which indicates that the claimant is responsible for providing evidence as to D.R.'s disability, but omits the very next sentence in this subsection, which reads: "[h]owever, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources. (*See* §§ 416.912(d) through (e).)" (*See* Commissioner's Objection to the Report and Recommendation of the Magistrate Judge at 1, ECF No. 30.)

[5] *See* 20 C.F.R. § 416.912(d) ("By complete medical history, we mean the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application.")

every reasonable effort to help [claimant] get medical reports from [her] own medical sources when [she] give[s]…permission to request the reports." *Id*. "Every reasonable effort" is defined as an initial request, followed by a subsequent request within twenty calendar days if the evidence has not been received. *Id.*; *see Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history"). Furthermore, "[t]he ALJ's duty to develop the record is further enhanced when the disability in question is a psychiatric impairment." *Santiago v. Comm'r of Soc. Sec.*, No. 13-CIV-3951-LTS-SN, 2014 WL 3819304, at *15 (S.D.N.Y. Aug. 4, 2014). Failure to fulfill these duties can result in remand. *See Atkinson v. Barnhart*, 87 F. App'x 766, 768 (2d Cir. 2004) (ordering remand for failure to develop the record where ALJ neglected to seek medical records from treating physicians identified by claimant); *cf. Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (ALJ discharged his duties to develop the record where he requested documents from various relevant medical sources including treating and primary physicians).

When a claimant appears *pro se*, the ALJ's responsibility to address deficiencies in the record becomes even more significant. *See Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) ("when the claimant is unrepresented, the ALJ is under a heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.") (internal quotation marks and citations omitted); *see also Cullinane v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 728 F.2d 137, 139 (2d Cir. 1984) (finding remand appropriate where ALJ failed to assist *pro se* litigant in securing all relevant medical testimony); *Jones v. Apfel*, 66 F. Supp. 2d 518, 524 (S.D.N.Y. 1999) (granting remand for failure to develop record and noting, when claimant appears *pro se* "reasonable efforts…entail more than merely requesting reports from treating

physicians. It includes issuing and enforcing subpoenas requiring the production of evidence as authorized by 42 U.S.C. § 405(d) and advising the plaintiff of the importance of the evidence.").[6]

A claimant's responsibility to provide evidence regarding her disability does not diminish the ALJ's duty to develop gaps in the record regarding the claimant's medical history. The only indication of an attempt to obtain medical records from Montefiore Medical Group occurred in December 2008. (*See* Social Security Administrative Transcript at 30, ECF. No. 12 [hereinafter "Transcript"].) Furthermore, the administrative record does not reflect any attempts by the ALJ to obtain Dr. Makarov's records by request or subpoena.[7] Thus, this Court agrees with Judge McCarthy's finding that remand is appropriate, pursuant to sentence four of 42 U.S.C. § 405(g), because the ALJ failed to develop the record with regard to D.R.'s mental health treatment.[8]

## CONCLUSION

For the reasons stated above, this Court adopts Judge McCarthy's Report and Recommendation in its entirety. Defendant's motion for judgment on the pleadings is, therefore, DENIED. This case is remanded to the Social Security Administration for further proceedings

---

[6] Under 42 U.S.C. § 405(d), the ALJ has the authority to subpoena medical evidence on the claimant's behalf. 42 U.S.C. § 405(d); *Oliveras ex rel. Gonzalez v. Astrue*, No. 07-CIV-2841 RMB JCF, 2008 WL 2262618, at *5 (S.D.N.Y. May 30, 2008), *report and recommendation adopted,* No. 07-CIV-2841(RMB)(JCF), 2008 WL 2540816 at *2 (S.D.N.Y. June 25, 2008); *see Cullinane*, 728 F.2d at 139 (ordering remand and noting that the ALJ neglected to instruct the appellant that she had a right to subpoena a treating physician for information regarding her medical condition).

[7] In his decision, the ALJ makes references to an attempt to obtain additional records, and notes that no psychiatric records were found, but cites only the form received from Montefiore Medical Group in late 2008. (*See* Transcript at 21, 159, 163.)

[8] "Sentence four of 42 U.S.C. § 405(g)…provides that '[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner [ ], with or without remanding the cause for a rehearing.' Remand is appropriate, when there are gaps in the administrative record..." *Paul v. Comm'r of Soc. Sec.*, No. 15-CIV-5971 (JLC), 2016 WL 1743083, at *4 (S.D.N.Y. Apr. 28, 2016) (internal quotation marks and citations omitted).

consistent with the R & R and this Order, to address the aforementioned gaps in the administrative record. The Clerk of the Court is respectfully requested to terminate the motion at Docket Number 20. The Clerk of the Court is directed to close this case.

Dated: October 7th, 2016  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge